**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| AMBRE BODLE, LESLIE MEECH, § <br> LORI PRINCE, and on behalf of all other § <br> similarly situated persons, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> TXL MORTGAGE CORPORATION, and § <br> WILLIAM DALE COUCH, Individually, § <br> § <br> Defendants. § | CIVIL ACTION NO. _____ <br><br><br> JURY REQUESTED |

**PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT**

### A.  NATURE OF THE ACTION

1.  Plaintiffs, Ambre Bodle, Leslie Meech and Lori Prince (collectively referred to as "Plaintiffs") bring this collective action against Defendants, TXL Mortgage Corporation and William Dale Couch, Individually (collectively referred to as "Defendants"), because they failed to compensate Plaintiffs for their overtime work as required by section 207 of the Fair Labor Standards Act.  *See* 29 U.S.C. § 207(a)(1).  Because of Defendants' illegal compensation practices, Plaintiffs are entitled to all equitable and legal remedies available under the Fair Labor Standards Act, including, but not limited to unpaid overtime wages, compensatory damages, and attorneys' fees, costs, and other relief to redress their injuries.

### B.  JURISDICTION

2.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 207(a)(1) and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

## C. VENUE

3. Venue is proper in the Southern District of Texas – Houston Division because all, or a substantial part, of the events or omissions giving rise to charged conduct occurred in this district.

## D. THE PARTIES

4. Plaintiff Ambre Bodle is an individual residing in Harris County, Texas. Bodle meets the definition of an "employee" under 29 U.S.C. § 203(d). Her consent to participate in this collective action is attached hereto as Exhibit 1.

5. Plaintiff Leslie Meech is an individual residing in Harris County, Texas. Bodle meets the definition of an "employee" under 29 U.S.C. § 203(d). Her consent to participate in this collective action is attached hereto as Exhibit 2.

6. Plaintiff Lori Prince is an individual residing in Harris County, Texas. Prince meets the definition of an "employee" under 29 U.S.C. § 203(d). Her consent to participate in this collective action is attached hereto as Exhibit 3.

7. Defendant TXL Mortgage Corporation ("TXL") is a corporation organized and existing under the laws of the State of Texas. TXL conducts business in the Southern District of Texas, with its principal place of business at 11931 Wickchester, Suite 400, Houston, Texas 77043, which is located in Harris County, Texas. It is an enterprise engaged in commerce which acted in the interest of an employer with respect to Plaintiffs and the Members of the Class. It may be served with process through its registered agent, David E. Clements at 11931 Wickchester, Suite 400, Houston, Texas 77043.

8. Defendant William Dale Couch is an individual residing in Harris County, Texas. He may be served with process at 815 Marywood Chase, Houston, Texas 77079 or his place of business at 11931 Wickchester, Suite 400, Houston, Texas 77043.

### E. THE FACTS

9. TXL is a provider of retail mortgage banking services and construction loan services in Harris County, and throughout the State of Texas. Defendants employ numerous loan officers, loan processors and loan servicing personnel in the operation of its mortgage loan business. The Plaintiffs are former employees of the Defendants. Plaintiffs Bodle and Meech worked as mortgage loan officers and Plaintiff Prince worked as a mortgage loan processor for Defendants.

10. Defendants' employees, including Plaintiffs, regularly worked in excess of forty (40) hours per week. Defendants did not pay employees, including Plaintiffs, overtime wages for hours worked in excess of forty (40) hours per workweek at a rate of one and one-half times their regular rate as required by the FLSA.

11. Defendants do not maintain proper record keeping for the hours employees, including Plaintiffs, actually worked. Defendants required certain non-exempt employees, but not others, to turn in handwritten timesheets at the end of each workweek for the hours worked. Defendants required those non-exempt employees that turned in handwritten timesheets to limit the number of hours reported to no more than forty (40) hours per workweek even when such employees had actually worked in excess of forty (40) hours.

12. In addition, certain non-exempt employees were not required to turn in timesheets and no records of their hours worked were kept by Defendants. Indeed, some of these non-

exempt employees were actually required to sign agreements that they would not be compensated for any overtime worked.

13. These same illegal practices were applied to other employees of Defendants who were compensated in the same or similar manner to that of Plaintiffs.

14. Defendant William Dale Couch is President, a director, and a shareholder of TXL. Defendant Couch had operational control of TXL and effectively dominated its administration or otherwise acted, or had the power to act, on behalf of TXL vis-à-vis its employees. This includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

### F. COUNT ONE – VIOLATION OF THE FAIR LABOR STANDARDS ACT

**a. Defendants Failed to Properly Compensate Plaintiffs for Overtime Hours.**

15. Plaintiffs incorporate all preceding paragraphs as if repeated herein verbatim.

16. Plaintiffs bring their claims pursuant to 29 U.S.C. § 207(a)(1).

17. Defendants failed to compensate Plaintiffs for their overtime work. Section 207(a)(1) of the Fair Labor Standards Act requires that employers compensate employees at a rate of one and one-half times the employee's regular rate for all hours worked in excess of forty within one week. *See* 29 U.S.C. § 207(a)(1).

18. Defendants knowingly, willfully, and with reckless disregard, carried out its illegal pattern and practice of failing to pay Plaintiffs overtime wages.

19. Defendants' failure to properly compensate its employees for their overtime work has caused Plaintiffs severe harm, including loss of compensation, wages, back pay, and other employment benefits.

**b. Defendants Failed to Keep Accurate Records of Hours Worked.**

20. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees. 29 U.S.C. § 211(c).

21. In addition to pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

**c. Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

22. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

23. No exemption excuses Defendants from failing to pay Plaintiffs at their overtime rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per week.

24. Defendants have not made a good faith effort to comply with the FLSA.

25. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiffs.

## G. COUNT TWO – COLLECTIVE ACTION ALLEGATIONS

26. Plaintiffs incorporate all preceding paragraphs as if repeated herein verbatim.

27. In addition to Plaintiffs, other loan officers, account managers and loan processors were compensated in the same or similar manner to that of Plaintiffs.

28. These loan officers, account managers and loan processors performed job duties that were similar to those performed by Plaintiffs.

29. Like Plaintiffs, these loan officers, account managers and loan processors were not compensated at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per week in violation of the FLSA.

30. Therefore, like Plaintiffs, Defendants' failure to properly compensate these loan officers, account managers and loan processors for their overtime work has caused them severe harm, including loss of compensation, wages, back pay, and other employment benefits.

31. Because Defendants policy or practice resulted in these similarly situated workers not receiving the proper compensation for their overtime hours worked, notice of this collective action is appropriately sent to:

> "All current and former loan officers, account managers and loan processors employed by TXL Mortgage Company, Inc. that were not paid at a rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours per workweek in the past three years."

## H. DAMAGES

32. As a direct and proximate result of the Defendants' conduct, Plaintiffs suffered the following injuries and damages:

    a.  Actual damages;

    b.  Liquidated damages in an amount equivalent to actual damages;

    c.  All reasonable and necessary attorneys' fees; and

    d.  All reasonable and necessary costs incurred in pursuing this lawsuit.

## I. ATTORNEY'S FEES & COSTS

33. Plaintiffs are entitled to an award of attorneys' fees and costs under 29 U.S.C. § 216(b).

6

## J. JURY REQUEST

34. Plaintiffs request a jury trial and tenders herein the appropriate fee.

## K. PRAYER

35. Plaintiffs respectfully request that judgment be entered against Defendants, awarding them and all similarly situated employees:

   a. damages for the amount of unpaid overtime compensation;

   b. an equal amount as liquidated damages as allowed under the FLSA;

   c. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

   d. such other and further relief as may be required by law.

Respectfully Submitted,

STEELE STURM, PLLC

*/s/ Charles A. Sturm*
CHARLES A. STURM
Texas Bar No. 24003020
Federal Bar No. 21777
Bank of America Center
700 Louisiana, 48th Floor
Houston, Texas 77002
(713) 659-2600 [Telephone]
(713) 659-2601 [Facsimile]
csturm@steelesturm.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

OF COUNSEL:
STEELE STURM, PLLC
HOWARD L. STEELE, JR.
Texas Bar No. 24002999
Federal Bar No. 21615
hsteele@steelesturm.com
RICHARD P. LE BLANC III
Texas Bar No. 24048610
Federal Bar No. 1242055
rleblanc@steelesturm.com